THOMAS C. GREENE, Receiver, *vs.* JACKSON BANK *et als.*

Where the owner of one half of certain promissory notes left with a bank for collection made a deed of assignment for the benefit of his creditors, the bank has a lien on the assignor's half of the notes for the payment of the balance due from him on general account, and, hence, is entitled to one half of a dividend payable on the notes, to apply it to the payment of such balance.

A secured creditor who has exhausted his security and still has a balance due him, is entitled to a dividend from the debtor's insolvent estate on the full amount of his claim without deducting the sum realized from the security. *Allen* v. *Danielson,* 15 R. I. 480, affirmed.

BILL IN EQUITY.        On bill and answers.

*January* 24, 1895.        MATTESON, C. J.        This is a bill in the nature of a bill of interpleader and for instructions.        The first question is whether the complainant as receiver under a certain deed of assignment for the benefit of creditors made by Amos M. Warner, late of Providence, deceased, dated February 20, 1888, or the respondent, the Jackson Bank, is entitled to $6924.53, which sum is one half of the amount of a dividend by the trustees under a trust deed for the benefit of creditors made by William Barstow on certain promissory notes made or endorsed by Barstow:        Warner, at the time of making the assignment, owned one half of these notes. The case shows that these notes on which the dividend accrued had been left, prior to the assignment, with the bank for collection in the usual course of business.        This being so, the bank, according to the authorities, was entitled to a lien

on Warner's half of the notes for the payment of any balance on general account which it might have against Warner, the presumption being that its advances to him were made on the credit of such securities. 1 Morse on Banks and Banking, 3d ed. § 324 ; *Lehman* v. *Tallahassee Manuf. Co.*, 64 Ala. 567, 595 ; *Central National Bank* v. *Connecticut Mutual Life Ins. Co.*, 104 U. S. 54, 71 ; Ex parte *Pease*, 1 Rose, 232 ; Ex parte *The Wakefield Bank*, 1 Rose, 243 ; 19 Ves. Jr. 25. We find nothing in the agreement of May 4, 1880, between the bank, Warner and Kimball, his then assignee, which can be construed as a waiver by the bank of its lien. We are of the opinion, therefore, that the respondent, the Jackson Bank, is entitled to apply the dividend in question, so far as it will go, to the payment of the balance of its account against Warner, and that the complainant as receiver is not entitled to it under Warner's deed of assignment.

Warner at the time of making the assignment was the owner and holder of two hundred and thirty-two shares of the capital stock of the Jackson Bank. The charter of the bank, Art. 4, § 2, provides, "that the stock of each stockholder shall be liable and may be sold at auction by order of the President and Directors for the payment of any debt due from any stockholder." On April 12, 1890, the bank, under this provision of its charter, sold the stock at auction and received therefor $4640, which it has also applied to the payment, so far as it goes, of the balance of its account against Warner. The second question on which the complainant seeks instruction is whether the bank is entitled to make its claim against him for the full amount of the debt due to it from Warner and take a dividend thereon, or whether the sums received by it, to wit, the $6924.53 and the $4640, should not first be deducted from the amount of its claim and the dividend taken on the balance only of its claim. We are of the opinion that under the rule established in this State by *Allen* v. *Danielson*, 15 R. I. 480, the bank is entitled to a dividend on the full amount of its claim without deducting the sums in question, it being conceded that the div-

idend will be insufficient for the payment of the balance of its claim in full.

*Thomas C. Greene,* for himself as receiver.

*William G. Roelker,* for respondent Jackson Bank.

*Edward D. Bassett, Edward L. Mitchell & Henry W. Kimball,* for other respondents.